# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>  Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et.al.,<br><br>  Defendants. | Case No.: 1:19-cv-01464-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE ACTION PROCEED ONLY ON PLAINTIFF'S FAILURE TO PROTECT CLAIM<br><br>[ECF No. 8] |

Plaintiff Charles Trayzon Gilbert is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed on December 2, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Kathleen Allison, Michael Sexton, C. Pfeiffer, E. Gonzalez, V. Gonzalez. And M. Woods, as Defendants.

In 2018, while housed at California Men's Colony State Prison, Plaintiff had an interview with Psychologist H. Switzer, who informed Plaintiff that the California Department of Corrections and Rehabilitation (CDCR) does not allow the mental health department to treat his exhibitionistic disorder. Plaintiff interpreted Dr. Switzer's reference to mean that Defendant Kathleen Allison (Director of CDCR) is solely responsible for the policy. Dr. Switzer stated that according to policy, Plaintiff must be issued a Rules Violation Report (RVR) for either sexual disorderly conduct or indecent exposure for him to be sent to California State Prison, Corcoran's indecent exposure

1 program. Both Dr. Switzer and Allison knew that if Plaintiff is left untreated, his delusional based
2 disorder will intensify, and his subsequent symptoms will immediately land him inside administrative
3 segregation where he would be prevented from participating in rehabilitative programing. Plaintiff
4 would also suffer the stigmatization of the sex offender label and the threat of physical harm created
5 by Allison's regulation. Plaintiff was issued several RVRs resulting from being symptomatic and was
6 sent to the indecent exposure program which did not offer treatment for his disorder. Aside from anti-
7 psychotic medication, coupled with one on one counseling with a licensed clinical social worker or
8 licensed psychologist and group therapy, Plaintiff is unaware of any other treatment deemed
9 necessary.

10 Defendant Allison has authorized for use and without any penological interest, Department of
11 Operations Manual (DOM) article 25 section 52100.4 to label Plaintiff as a sex offender making him a
12 target for violence at the hands of other inmates. Section 42100.4 directs custody staff to over
13 Plaintiff's cell windows and door with yellow placards and force him to wear an "exposure control
14 suit" whenever Plaintiff becomes symptomatic. As the Director of CDCR, Allison had the option not
15 to enforce the policy on Plaintiff but opted otherwise.

16 In 2016, while housed at California State Prison, Corcoran administrative segregation,
17 Defendant Sexton knowingly subjected Plaintiff to section 52100.4 knowing it to be an illegal policy
18 that would label Plaintiff as a sex offender, affixed with an "R" suffix to Plaintiff's central file even
19 though Plaintiff does not have any convictions for sexual offenses which made him a target for
20 physical violence.

21 On March 5, 2018, while housed at Kern Valley State Prison in general population, Defendant
22 Pfeiffer knowingly subjected Plaintiff to section 52100.4 knowing it to be an illegal policy that would
23 label Plaintiff as a sex offender and subject him to violence at the hands of other inmates.

24 On April 12, 2018, as Plaintiff returned to his assigned housing unit, he was accosted from
25 behind by a group of Hispanic gang members and called a "fucking rapist." Plaintiff was sliced across
26 his back with a sharp weapon. Plaintiff ran away and alerted Defendants E. Gonzalez and V.
27 Gonzalez of the attack. After taking note of Plaintiff's injuries, the two Defendants placed Plaintiff
28 inside one of the stand-up cages to be examined by medical staff who treated and documented his

3

injury. Defendant M. Wood arrived and advised Plaintiff that he had been "cleared" to return to his cell. Plaintiff pleaded with Defendants E. Gonzalez, V. Gonzalez, and M. Wood to be removed from the assigned housing unit and rehoused in a safe environment. However, E. Gonzalez, V. Gonzalez, and M. Woods proceeded to seize Plaintiff by the arms and legs, lifted him off his feet and carried him up a flight of stairs to the second tier where they tossed him inside his assigned cell.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

Plaintiff contends that the underground policy set forth in DOM article 25 section 52100.4 implemented by Defendant Director of CDCR, Kathleen Allison and enforced by Defendants Warden Sexton and Warden Pfeiffer punishes rather than treats his exhibitionist disorder.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. In order to establish a claim of deliberate indifference based on a delay in treatment, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).

///

4

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

A prisoner's need for mental health treatment may constitute a serious medical need within the meaning of the Eighth Amendment "if the failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) (citations omitted.)

Here, as stated in the first screening order, Plaintiff is challenging the CDCR policy relating to the mental health treatment for inmates with exhibitionist disorder as set forth in the DOM article 25 section 52100.4. Plaintiff is advised that exhibitionism is part of the Coleman v. Schwarzenegger, No. 2:90-cv-00520-KJM-DB (E.D. Cal. 1995) class action. See, e.g., Coleman v. Schwarzenegger, No. 2:90-cv-00520-KJM-DB, 2009 WL 2430820, at *15 (E.D. Cal. Aug. 4, 2009). Therefore, Plaintiff's systemic challenge to the implementation and enforcement and request to change CDCR's policy regarding the treatment of inmates diagnosed with exhibitionism falls squarely within the Coleman class action, and Plaintiff may not pursue an individual claim on that basis.[1] The Court previously

---

[1] In April of 1990, California prisoners filed a class action civil rights complaint regarding inadequate mental health care at prisons in California. See Coleman v. Wilson, 912 F.Supp. 1282, 1293 (E. D. Cal. 1995). The court certified the Coleman class of prisoners "consisting of all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections (except the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main in Vacaville)." Id. (quotations omitted). The Court found

granted Plaintiff leave to amend his complaint challenge the provision of mental health care for *himself only* as it relates to his exhibitionism. However, Plaintiff has failed to do so as he challenges the policy itself and applied to him by supervisory professionals, Wardens Sexton and Pfeiffer. Accordingly, Plaintiff fails to state a cognizable claim.

### B. Failure to Protect

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had "a sufficiently culpable state of mind," acting with deliberate indifference. Farmer, 511 U.S. at 834. "[D]eliberate indifference entails something more than mere negligence … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Id. at 835. The prison official must "know and disregard an excessive risk to inmate health or safety." Id.

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable failure to protect claim against Defendants M. Wood, E. Gonzalez, and V. Gonzalez. See Johnson v. Robinson, No. 2:12-cv-2400-WBS-DAD, 2015 WL 882021, at *14 (E.D. Cal. Mar. 2, 2015), report and recommendation adopted, 2015 WL 3603942 (E.D. Cal. June 5, 2015), aff'd, 692 Fed. Appx. 371 (9th Cir. 2017) ("the seriousness of the 'sex offender' label in prison is tangible enough to support, in certain circumstances, a claim that a defendant used the dangerousness implications of that label or ignored them in deliberate indifference to an inmate's safety."); see also Knight v. Runnels, No. CIV S-07-0751-FCD-CMK-P, 2007 WL 2390139, at *14 (E.D. Cal. Aug. 20, 2007) (finding deliberate indifference claim stated where plaintiff "allege[d] that this defendant put a 'R-suffix' in his file knowing that, if plaintiff was put in general population, he would be stabbed").

///

---

that the lack of mental health care, the policies on involuntary medication, mechanical restraints, segregation of mentally ill prisoners and the use of tasers and 37mm guns violated the Eighth Amendment of the United States Constitution. Id. at 1315, 1319-23. The court appointment a Special Master to develop and monitor the ordered injunctive relief and the action is still ongoing. Id. at 1297, 1324.

6

# III.

# CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint states a cognizable claim for failure to protect against Defendants M. Wood, E. Gonzalez, and V. Gonzalez. However, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to a serious medical need, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's failure to protect claim against Defendants M. Wood, E. Gonzalez, and V. Gonzalez;
2. Plaintiff's claim for deliberate indifference to a serious medical need be dismissed; and
3. The Clerk of Court shall randomly assign a district judge to this action.

The Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 5, 2019**

UNITED STATES MAGISTRATE JUDGE