UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01464-NONE-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO STAY DISCOVERY RELATING TO THE MERITS OF THE CASE<br><br>(ECF No. 50) |

Plaintiff Charles Trayzon Gilbert is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 22, 2020, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 45.)

On January 11, 2021, Defendants filed a request to stay discovery as to merits pending resolution of the motion for summary judgment. (ECF No. 50.) Plaintiff has not filed an opposition and the time to do so has expired. Local Rule 230(l).

**I.**

**DISCUSSION**

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media,

1

Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claims against him if the Court determines the claim is unexhausted.  Albino, 747 F.3d at 1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery.  Gibbs, 2014 WL 172187, at *3.  In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later.  Albino, 747 F.3d at 1170.  To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress.  Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69).  Here, there is no opposition to Plaintiff to the stay of discovery.  Therefore, Defendants are entitled to the stay of discovery they seek.  Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendants' request to stay all merits-related discovery pending resolution of his exhaustion motion shall be granted.  Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

///

///

///

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request to stay discovery is granted;
2. All discovery relating to the merits of the case is stayed; and
3. If Defendants' pending motion for summary judgment is denied, Defendants shall respond to Plaintiff's outstanding discovery requests relating to the merits within thirty days of the date the motion is denied.

IT IS SO ORDERED.

Dated: **February 3, 2021**

UNITED STATES MAGISTRATE JUDGE