UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 1:19-cv-01464-NONE-SAB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. Nos. 45, 59) |

Plaintiff Charles Trayzon Gilbert is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2021, the assigned magistrate judge issued findings and recommendations (Doc. No. 59) recommending that defendants' motion for summary judgment (Doc. No. 45) be granted, and the instant action be dismissed, without prejudice, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required. Those findings and recommendations were served on the parties and contained notice that objections were due within twenty-one (21) days. (*Id.* at 12.) Plaintiff filed objections on May 5, 2021, and defendants filed a response on May 18, 2021. (Doc. Nos. 60, 61.) Plaintiff filed a reply to defendants' response on June 1, 2021 without seeking leave of the court to do so. (Doc. No. 62.)

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections and defendants' responses to those objections, the court declines to adopt the findings and recommendations.

Plaintiff alleges that he was improperly labeled a sex offender in 2016, that other inmates attacked him due to that status on April 12, 2018, and that immediately thereafter defendants placed him back in his cell instead of protecting him from attack. (Doc. No. 8 (first amended complaint).) On May 2, 2018, plaintiff filed inmate appeal KVSP-18-01066/CMC 18-01670 ("Substantive Appeal"), which addressed his failure to protect allegations. (Doc. No. 56-2 at 11.) The Substantive Appeal was denied at the first level of review on June 21, 2018, and plaintiff appealed it to the second level of review. (*Id.* at 14, 24.)[1]

According to plaintiff's objections to the pending findings and recommendations, which he attests to under penalty of perjury, he was sent to administrative segregation on September 13, 2018, and a correctional officer put all of his property in storage. (Doc. No. 60 at 8, 16–17.) When he was released from administrative segregation, the paperwork related to his Substantive Appeal was missing from his property. (*Id.* at 17.) Plaintiff filed a second inmate appeal, CMC-E-18-03426 ("Procedural Appeal"), which addressed plaintiff's allegation that the Substantive Appeal paperwork was missing from his property when returned to him. (*Id.* at 16–17.) Prison staff gave plaintiff a photocopy of his Substantive Appeal on November 21, 2018, and plaintiff then withdrew his Procedural Appeal. (*Id.* at 18.)

The parties' dispute boils down to what happened next. The parties agree that plaintiff submitted his photocopied Substantive Appeal and the withdrawn Procedural Appeal to the third level of review, which received the papers on December 3, 2018. (*Id.* at 4–5 (objections to

---

[1] At the second level of review, plaintiff filed the Substantive Appeal with the wrong office. However, the appeals office routed his Substantive Appeal to the correct appeals office, which considered the matter on the merits. Defendants do not argue that plaintiff failed to exhaust his administrative remedies through the second level of review. *See Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) ("[A] prisoner exhausts 'such administrative remedies as are available' under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." (quoting 42 U.S.C. § 1997e(a))).

findings and recommendations); Doc. No. 56-2 ¶ 2 (supplemental declaration of Howard Moseley of the Office of Administrative Appeals).)  Under the then-governing state regulations, "[t]he inmate or parolee shall submit the signed original appeal forms and supporting documents.  If originals are not available, copies may be submitted with an explanation why the originals are not available."  15 CA ADC § 3084.2(b) (West 2018).  According to defendants, the Office of Administrative Appeals ("OOA") disregarded plaintiff's Substantive Appeal because it was a photocopy and therefore reviewed only his Procedural Appeal.  (Doc. No. 56-2 ¶ 2.)  Because the Procedural Appeal had been withdrawn, the OOA cancelled the appeal.  (*Id.*)  The findings and recommendations accepted this rationale in concluding that plaintiff's December 3, 2018 submission failed to exhaust his Substantive Appeal and therefore recommended that defendant's motion for summary judgment as to plaintiff's failure to protect claim be granted.  (Doc. No. 59 at 9–10.)

Plaintiff's objections to the findings and recommendations clarify his opposition to the motion for summary judgment.  Plaintiff agrees that he submitted his Substantive Appeal and Procedural Appeal together to the third level of review.  However, he argues (Doc. No. 60 at 4–5) that the Procedural Appeal was an attachment to the Substantive Appeal in compliance with the requirement in § 3084.2(b) that "copies may be submitted *with an explanation why the originals are not available*."  (emphasis added).  In other words, plaintiff maintains that he attached the Procedural Appeal to the Substantive Appeal to explain why he was attaching a photocopy of the Substantive Appeal (i.e., "why the originals are not available").  Plaintiff argues that by not recognizing this, the OOA improperly cancelled his inmate appeal.  Plaintiff argues that this improper cancellation means he exhausted his administrative remedies.  *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

To his objections plaintiff has attached copies of the materials he allegedly submitted on December 3, 2018 to the third level of administrative review, that differ slightly from those the magistrate judge reviewed.  Defendants filed a copy of the Substantive Appeal as part of the

3

supplemental declaration of Howard Moseley of the OOA. (Doc. No. 56-2, Ex. A.) The findings and recommendations cited this copy in its analysis. (Doc. No. 59 at 9–10.) The Substantive Appeal is a form document, and Section F of that form provides a place for the prisoner to explain why the second level response was incorrect. (Doc. No. 56-2 at 14.) In defendants' filed copy, plaintiff wrote:

> Both First and Second level responses failed to address the issues in this appeal, nor did they take any measures to ensure that the violent physical attack I suffered as a result of CDCRs use of yellow placards does not recur.

(*Id.*)

The version of the Substantive Appeal plaintiff has attached to his objections includes the following additional sentence at the end of Section F: "Please see attached appeal showing why this instant appeal is late." (Doc. No. 60 at 13.) That attachment was plaintiff's Procedural Appeal. Plaintiff cites to that sentence in his objections to explain why his Substantive Appeal should have been accepted at the third level and reviewed on the merits as opposed to being rejected by prison officials. (*Id.* at 3.)

Accepting plaintiff's factual representations as true, as the court must at this stage, plaintiff has created a genuine disputed issue of material fact with respect to exhaustion.[2] If plaintiff did, in fact, submit the Substantive Appeal with the Procedural Appeal attached, then the OOA should have reviewed and, in some manner, processed plaintiff's Substantive Appeal at the third level of review. *See* 15 CA ADC § 3084.2 (West 2018). Instead, the OOA interpreted the December 3, 2018 filing as an attempt to submit the Procedural Appeal to the third level and rejected that attempt because plaintiff had already withdrawn his Procedural Appeal. This raises a dispute as to whether OOA properly processed plaintiff's December 3, 2018 submission. Their purported failure to do so would mean plaintiff exhausted all of his *available* administrative

---

[2] The version of the Substantive Appeal plaintiff filed with his objections (Doc. No. 60, Ex. A) is the most-favorable version to him. Thus, the court has referred to that version in its analysis. This order does not analyze what would result if the issue of exhaustion was decided based upon the version of the Substantive Appeal defendants have presented to the court (Doc. No. 56-2, Ex. A).

4

remedies prior to filing suit. *See Andres*, 867 F.3d at 1079. Viewing the facts in a light most favorable to plaintiff, plaintiff exhausted his Substantive Appeal through all three levels. Accordingly, defendant's motion for summary judgment must be denied.

Defendants request an evidentiary hearing to resolve any factual disputes as to the issue of exhaustion. (Doc. No. 45-1 at 5.) The court will therefore refer this matter back to the magistrate judge for such further proceedings as are deemed appropriate.

Accordingly,

1. The court declines to adopt the findings and recommendations issued on April 22, 2021 (Doc. No. 59);
2. Defendants' motion for summary judgment on the issue of administrative exhaustion (Doc. No. 45) is denied at this time, without prejudice; and
3. This case is referred back to the magistrate judge for such further proceedings as are deemed appropriate.

IT IS SO ORDERED.

Dated: __August 27, 2021__                    _____
                                              UNITED STATES DISTRICT JUDGE