UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et.al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-01464-NONE-SAB (PC)<br><br>ORDER REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>(ECF No. 63) |

Plaintiff Charles Trayzon Gilbert is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 22, 2021, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted, and the instant action be dismissed, without prejudice, due to Plaintiff's failure to exhaust the administrative remedies. (ECF No. 59.) Plaintiff filed objections and Defendants filed a response. (ECF Nos. 60, 61.)

On August 27, 2021, the District Judge declined to adopt the Findings and Recommendations stating, in pertinent part:

> Plaintiff's objections to the findings and recommendations clarify his opposition to the motion for summary judgment. Plaintiff agrees that he submitted his Substantive Appeal and Procedural Appeal together to the third level of review. However, he argues (Doc. No. 60 at 4–5) that the Procedural Appeal was an attachment to the Substantive Appeal in compliance with

1

the requirement in § 3084.2(b) that "copies may be submitted *with an explanation why the originals are not available*." (emphasis added). In other words, plaintiff maintains that he attached the Procedural Appeal to the Substantive Appeal to explain why he was attaching a photocopy of the Substantive Appeal (i.e., "why the originals are not available"). Plaintiff argues that by not recognizing this, the OOA improperly cancelled his inmate appeal. Plaintiff argues that this improper cancellation means he exhausted his administrative remedies. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

To his objections plaintiff has attached copies of the materials he allegedly submitted on December 3, 2018 to the third level of administrative review, that differ slightly from those the magistrate judge reviewed. Defendants filed a copy of the Substantive Appeal as part of the supplemental declaration of Howard Moseley of the OOA. (Doc. No. 56-2, Ex. A.) The findings and recommendations cited this copy in its analysis. (Doc. No. 59 at 9–10.) The Substantive Appeal is a form document, and Section F of that form provides a place for the prisoner to explain why the second level response was incorrect. (Doc. No. 56-2 at 14.) In defendants' filed copy, plaintiff wrote:

Both First and Second level responses failed to address the issues in this appeal, nor did they take any measures to ensure that the violent physical attack I suffered as a result of CDCRs use of yellow placards does not recur.

(*Id.*)

The version of the Substantive Appeal plaintiff has attached to his objections includes the following additional sentence at the end of Section F: "Please see attached appeal showing why this instant appeal is late." (Doc. No. 60 at 13.) That attachment was plaintiff's Procedural Appeal. Plaintiff cites to that sentence in his objections to explain why his Substantive Appeal should have been accepted at the third level and reviewed on the merits as opposed to being rejected by prison officials. (*Id.* at 3.)

Accepting plaintiff's factual representations as true, as the court must at this stage, plaintiff has created a genuine disputed issue of material fact with respect to exhaustion.2 If plaintiff did, in fact, submit the Substantive Appeal with the Procedural Appeal attached, then the OOA should have reviewed and, in some manner, processed plaintiff's Substantive Appeal at the third level of review. *See* 15 CA ADC § 3084.2 (West 2018). Instead, the OOA interpreted the December 3, 2018 filing as an attempt to submit the Procedural Appeal to the third level and rejected that attempt because plaintiff had already withdrawn his Procedural Appeal. This raises a dispute as to whether OOA properly processed plaintiff's December 3, 2018 submission. Their purported failure to do so would mean plaintiff exhausted all of his *available* administrative remedies prior to filing suit. *See Andres*, 867 F.3d at 1079. Viewing the facts in a light most favorable to plaintiff, plaintiff exhausted his Substantive Appeal through all three levels. Accordingly, defendant's motion for summary judgment must be denied.

Defendants request an evidentiary hearing to resolve any factual disputes as to the issue of exhaustion. (Doc. No. 45-1 at 5.) The court will therefore refer this matter back to the magistrate judge for such further proceedings as are deemed appropriate.

(ECF No. 63 at 3-5) (footnote omitted).

In light of the Court's August 27, 2021 order, is it HEREBY ORDERED that:

1. Defendants shall notify the Court within **seven (7)** days from the date of service of this order whether they wish to proceed with an evidentiary hearing on the issue of exhaustion; and

2. If Defendants do not wish to proceed with an evidentiary hearing, the issue of exhaustion will be deemed waived and the Court will proceed to the merits of the case.

IT IS SO ORDERED.

Dated:   **September 1, 2021**

UNITED STATES MAGISTRATE JUDGE

3